# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| KRATON CORPORATION, DAN F. | : **SECURITIES EXCHANGE ACT OF 1934** |
| SMITH, SHELLEY J. BAUSCH, MARK A. | : |
| BLINN, ANNA C. CATALANO, KEVIN M. | : |
| FOGARTY, DOMINIQUE FOURNIER, | : |
| JOHN J. GALLAGHER, III, KAREN A. | : |
| TWITCHELL, and BILLIE I. | : |
| WILLIAMSON, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On September 27, 2021, Kraton Corporation ("Kraton" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with DL Chemical Co., Ltd. ("Parent"), DLC US Holdings, Inc. ("Intermediate Merger Sub"), and DLC US, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Kraton's stockholders will receive $46.50 in cash per share.

3. On November 4, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Kraton common stock.

9. Defendant Kraton is a Delaware corporation. Kraton's common stock is traded on the New York Stock Exchange under the ticker symbol "KRA."

10. Defendant Dan F. Smith is Chairman of the Board of Directors of Kraton (the "Board").

11. Defendant Shelley J. Bausch is a member of the Board.

12. Defendant Mark A. Blinn is a member of the Board.

13. Defendant Anna C. Catalano is a member of the Board.

14. Defendant Kevin M. Fogarty is a member of the Board.

15. Defendant Dominique Fournier is a member of the Board.

16. Defendant John J. Gallagher III is a member of the Board.

17. Defendant Karen A. Twitchell is a member of the Board.

18. Defendant Billie I. Williamson is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Kraton is a leading global producer of specialty polymers and high-value performance products derived from renewable resources.

21. On September 27, 2021, Kraton entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Kraton Corporation (NYSE: KRA) ("Kraton"), a leading global sustainable producer of specialty polymers and high-value bio-based products derived from pine wood pulping co-products, today announced that it has entered into a definitive merger agreement (the "Merger Agreement") pursuant to which DL Chemical Co., Ltd. ("DL Chemical"), a subsidiary of DL Holdings Co., Ltd. (formerly Daelim Industrial Co., Ltd.), will acquire 100% of Kraton in an all-cash transaction implying an enterprise value of approximately $2.5 billion. Under the terms of the Merger Agreement, Kraton stockholders will receive $46.50 in cash for each share of Kraton common stock they own. As part of the transaction DL Chemical has conveyed that they have fully committed financing.

"Following an extensive review of a wide-range of strategic alternatives focused on maximizing value for the benefit of our stockholders, Kraton's Board has determined that the sale of Kraton to DL Chemical is in the best interest of Kraton stockholders. We believe the transaction provides immediate and certain value for Kraton stockholders, and represents an attractive premium of approximately 50% over Kraton's unaffected market valuation as of early July," said Kevin M. Fogarty, Kraton's President and Chief Executive Officer. "Moreover, we believe DL Chemical has the industry presence and resources to continue to support the growth of Kraton's business on a global scale".

"Consistent with our longstanding goal of maximizing value for the benefit of our stockholders, over the years Kraton's Board and management team have actively

evaluated a wide range of strategic alternatives. Today's announcement marks the culmination of the strategic review process for Kraton, resulting in a transaction that we believe provides significant value for Kraton stockholders. In addition, we believe the scale and strength of the combined company will also benefit our customers and our employees, as it will expand Kraton's global reach while creating a robust platform to further support investment in the existing innovation pipeline and provide for further expansion of sustainable offerings," said Dan F. Smith, Chairman of Kraton's Board of Directors.

"DL Chemical has been conducting the petrochemical business responsibly within the DL Group for 46 years. After acquiring Kraton's Cariflex business last year, we have successfully integrated that business within the DL Group," said Sang Woo Kim, Vice Chairman and Chief Executive Officer of DL Chemical. "We also have been highly interested in Kraton's specialty polymer and bio-based chemical business, and this combination will allow us to provide our customers with a wider range of innovative products, while adding the ability to serve a diverse range of end markets in over 70 countries worldwide."

The Merger Agreement was unanimously approved by Kraton's Board of Directors which has recommended that Kraton stockholders vote in favor of the transaction. The acquisition is subject to certain customary closing conditions, including the receipt of stockholder and regulatory approvals, and is expected to close by the end of the first half of 2022.

J.P. Morgan Securities LLC is acting as exclusive financial advisor, and King & Spalding LLP is acting as legal counsel to Kraton in connection with the transaction. Goldman Sachs is acting as financial advisor, and O'Melveny & Myers LLP is acting as legal counsel to DL Chemical in connection with the transaction.

23. On November 4, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

24. The Proxy fails to disclose material information regarding Kraton's financial projections, specifically: the line items used to calculate the financial projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

26. The Proxy fails to disclose material information regarding the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Regarding J.P. Morgan's Public Trading Multiples analysis, the Proxy fails to disclose the individual multiples for the companies observed by J.P. Morgan.

28. Regarding J.P. Morgan's Selected Transaction Analysis, the Proxy fails to disclose the individual multiples for the transactions observed by J.P. Morgan.

29. Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values observed by J.P. Morgan; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates used by J.P. Morgan; and (iii) net debt and other adjustments used by J.P. Morgan.

**COUNT I**

**Claim Against the Individual Defendants and Kraton for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Kraton is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Kraton within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Kraton and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: November 18, 2021

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*